FILED
CLERK, U.S. DISTRICT COURT

FEB 18 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW STEVEN CROSS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MATHEW CATE, Director of Corrections; A. HEDGPETH, Warden,<br><br>　　　　Respondents. | NO. ED CV 08-1389-VAP(E)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///
///
///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by United States mail on Petitioner and counsel for Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 13, 2009.

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW STEVEN CROSS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MATHEW CATE, Director of Corrections; A. HEDGPETH, Warden,<br><br>　　　　Respondents. | NO. ED CV 08-1389-VAP(E)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on October 9, 2008. Respondent filed an Answer on November 25, 2008. Petitioner did not file a Reply within the allotted time.

**BACKGROUND**

An Information charged Petitioner with, inter alia, carjacking in violation of California Penal Code section 215(a) (Clerk's Transcript ("C.T.") 17-18). At trial, the prosecution pursued alternative theories that Petitioner perpetrated the carjacking or aided and abetted the carjacking (Reporter's Transcript ("R.T.") 879-85). Through jury instructions and responses to inquiries during jury deliberations, the trial court instructed the jury that the crime of carjacking does not necessarily end until the vehicle reaches a place of temporary safety (R.T. 869, 965-70).

The jury found Petitioner guilty of, inter alia, carjacking (R.T. 970-71). The trial court later refused to strike Petitioner's prior convictions under People v. Romero, 13 Cal. 4th 497, 53 Cal. Rptr. 2d 789, 917 P.2d 628 (1996) ("Romero") (R.T. 1087-91). In making the Romero decision, the trial court mentioned several factors concerning Petitioner's background, including the pendency of other criminal charges against Petitioner. Id.

On direct appeal, the California Court of Appeal affirmed in a reasoned decision (Appendix to Exhibit C to Petition). The California Supreme Court summarily denied Petitioner's petition for review (Exhibit E to Petition).

**SUMMARY OF PETITIONER'S CONTENTIONS**

Petitioner contends:

1. The trial court erred in its instructions to the jury because the crime of carjacking assertedly does not continue until the vehicle reaches a place of temporary safety; and

2. The trial court abused its discretion under <u>Romero</u> because the court considered the pendency of additional charges against Petitioner and assertedly failed to give Petitioner individualized consideration.

**STANDARD OF REVIEW**

A federal court may not grant an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-26 (2002); <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Williams v. Taylor</u>, 529 U.S. 362, 405-09 (2000).

"Clearly established Federal law" refers to the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision. <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003). A state court's decision is "contrary to" clearly established

Federal law if: (1) it applies a rule that contradicts governing Supreme Court law; or (2) it "confronts a set of facts . . . materially indistinguishable" from a decision of the Supreme Court but reaches a different result. See Early v. Packer, 537 U.S. at 8 (citation omitted); Williams v. Taylor, 529 U.S. at 405-06.

Under the "unreasonable application prong" of section 2254(d)(1), a federal court may grant habeas relief "based on the application of a governing legal principle to a set of facts different from those of the case in which the principle was announced." Lockyer v. Andrade, 538 U.S. at 76 (citation omitted); see also Woodford v. Visciotti, 537 U.S. at 24-26 (state court decision "involves an unreasonable application" of clearly established federal law if it identifies the correct governing Supreme Court law but unreasonably applies the law to the facts). A state court's decision "involves an unreasonable application of [Supreme Court] precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. at 407 (citation omitted).

"In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (citation omitted). "The state court's application must have been 'objectively unreasonable.'" Id. at 520-21 (citation omitted); see also Clark v. Murphy, 331 F.3d 1062, 1068 (9th Cir.), cert. denied, 540 U.S. 968 (2003). In applying these

standards, this Court looks to the last reasoned state court decision. See Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008).

**DISCUSSION**

For the reasons discussed below, the Court should deny and dismiss the Petition with prejudice.

I. **Petitioner's Jury Instruction-Related Claim Does Not Merit Habeas Relief.**

The California Court of Appeal determined that the trial court's instructions properly defined the crime of carjacking under California law. Specifically, the Court of Appeal determined that the crime of carjacking, as a sub-species of the crime of robbery, can continue until the perpetrator reaches a place of temporary safety. This federal Court cannot redetermine such an issue of state law. See Ring v. Arizona, 536 U.S. 584, 603 (2002) (state court's construction of state law is "authoritative" on federal habeas review); see also Holgerson v. Knowles, 309 F.3d 1200, 1202 (9th Cir. 2002), cert. denied, 538 U.S. 1005 (2003) (habeas court "bound by California's interpretation of its state law"; citation omitted); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989) (habeas court must defer to state court's interpretation of state law unless interpretation is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation"; citation omitted). "[S]tate courts are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975); see also

1  United States v. Martinez-Bermudez, 387 F.3d 98, 102-03 (1st Cir.
2  2004) (carjacking under federal law can continue until the perpetrator
3  reaches a place of temporary safety). Accordingly, Petitioner is not
4  entitled to habeas relief on his jury instruction-related claim.[1]

6  **II.  Petitioner's Romero Claim Does Not Merit Habeas Relief.**

8  Petitioner contends that the trial court abused its discretion in
9  denying Petitioner's Romero motion. This contention fails to raise an
10 issue cognizable on federal habeas corpus.

12 Matters relating to sentencing and serving of a sentence
13 generally are governed by state law and do not raise a federal
14 constitutional question. See Miller v. Vasquez, 868 F.2d 1116, 1118-
15 19 (9th Cir. 1989), cert. denied, 499 U.S. 963 (1991); Middleton v.
16 Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985), cert. denied, 478 U.S. 1021
17 (1986); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th
18 Cir. 1967), cert. denied, 395 U.S. 947 (1969). Petitioner's
19 contention that the trial court improperly exercised its discretion
20 under state law does not allege any claim for federal habeas relief.
21 See Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002), vacated on
22 other grounds, 538 U.S. 901 (2003); Belgarde v. Hubbard, 2007 WL

---

[1] To the extent Petitioner's first claim also challenges the sufficiency of the evidence to support a finding of guilt on an aiding and abetting theory, such challenge likewise lacks merit. As the California Court of Appeal reasonably observed in the context of a harmless error analysis: "We consider it highly unlikely that any reasonable jury could have found that Lopez's taking the van came as a surprise to [Petitioner] – the van was the *third* vehicle the duo had stolen in concert that same afternoon" (Appendix to Exhibit C to Petition at 15).

2701717 *1 (N.D. Cal. Sept. 13, 2007); Ely v. Terhune, 125 F. Supp. 2d 403, 411 (C.D. Cal. 2000).

In any event, no state law error occurred. Contrary to Petitioner's contention, the record reflects that the trial court undertook ample individualized consideration of Petitioner's circumstances before denying the Romero motion (R.T. 1012-91). Also contrary to Petitioner's contention, California law permits the consideration of pending charges as part of the Romero analysis. See People v. Williams, 17 Cal. 4th 148, 161, 69 Cal. Rptr. 2d 917, 948 P.2d 429 (1998) (court may consider "the particulars of [the defendant's] background, character, and prospects"). At a minimum, the California Court of Appeal's refusal to overturn the trial court's Romero ruling was not unreasonable.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying and dismissing the Petition with prejudice.

DATED: January 6, 2009.

```
                         /s/
                _____
                   CHARLES F. EICK
              UNITED STATES MAGISTRATE JUDGE
```

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.